**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4927

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILDY CHERUBIN, a/k/a Fatz,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:16-cr-00319-PWG-1)

Submitted:  January 31, 2022                    Decided:  March 22, 2022

Before RICHARDSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Ellicott City, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Baltimore, Maryland, Joseph R. Baldwin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Wildy Cherubin for possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). After Cherubin underwent an extensive psychological examination, the district court concluded that he was incompetent to stand trial and ordered an additional evaluation to determine whether there was a substantial probability that he could be restored to competency in the foreseeable future. Upon receipt of the evaluation, the Government moved for an order authorizing the involuntary administration of antipsychotic medication. After a hearing pursuant to *Sell v. United States*, 539 U.S. 166 (2003), the district court concluded that the Government established each of the four *Sell* factors by clear and convincing evidence and ordered the involuntary administration of antipsychotic medication to restore Cherubin's competency. The court stayed the order pending this interlocutory appeal. We affirm.

In *Sell*, the Supreme Court held that involuntary administration of antipsychotic medication for the sole purpose of restoring a mentally ill defendant to competency is appropriate only if the court finds that: (1) "*important* governmental interests are at stake"; (2) "involuntary medication will *significantly further* those concomitant state interests"; (3) "involuntary medication is *necessary* to further those interests"; and (4) "administration of the drugs is *medically appropriate*." *Id.* at 180-81. This Court has emphasized that "the forcible administration of antipsychotic medication constitutes a deprivation of liberty in the most literal and fundamental sense." *United States v. Watson*, 793 F.3d 416, 419 (4th Cir. 2015) (internal quotation marks omitted). Accordingly, the forcible administration of antipsychotic medication "for the sole purpose of rendering [a defendant] competent to

2

stand trial . . . is the exception, not the rule[,] . . . and courts must be vigilant to ensure that such orders, which carry an unsavory pedigree, do not become routine." *Id.* (internal quotation marks omitted).

Cherubin challenges only the district court's conclusion that the Government established the second *Sell* factor by clear and convincing evidence. He argues that the proposed treatment plan is not sufficiently individualized. The clear and convincing standard for the second *Sell* factor requires "the government [to] demonstrate that the proposed treatment plan, *as applied to this particular defendant*, is substantially likely to render the defendant competent to stand trial," *id.* at 424, and "substantially unlikely to have side effects that will interfere with his ability to assist counsel," *id.* at 427 (cleaned up). "Merely showing a proposed treatment to be generally effective against the defendant's medical condition is insufficient to meet this burden." *Id.* at 424 (internal quotation marks omitted). "Instead, the government must relate the proposed treatment plan to the individual defendant's particular medical condition, which requires consideration of factors specific to the defendant in question, including not only his medical condition, but also his age and the nature and duration of his delusions." *Id.* (cleaned up). We review the district court's findings on the second *Sell* factor for clear error. *Id.* at 423.

We conclude that the district court did not clearly err in finding that the Government established by clear and convincing evidence that the involuntary administration of antipsychotic medication is substantially likely to restore Cherubin's competency and substantially unlikely to produce side effects that could interfere with his ability to assist

counsel.  The court understood the relevant legal standard, considered arguments weighing against involuntary medication, and did not reach a conclusion against the clear weight of the evidence.  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*